1
2
3
4
5            IN THE UNITED STATES DISTRICT COURT
6           FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    AF HOLDINGS LLC,                     No. C -12-03250-MMC (EDL)
9              Plaintiff,                 **ORDER GRANTING EX PARTE**
                                          **APPLICATION TO TAKE EXPEDITED**
10    v.                                  **DISCOVERY**
11   JOHN DOE,
12              Defendant.
     _____/
13
14          This is an *ex parte* application filed by Plaintiff AF Holdings LLC for leave to take early

15   discovery to identify the unknown "John Doe" defendant that was referred by the presiding judge to

16   this Court for resolution. For the following reasons, the Court vacates the hearing set for August 7,

17   2012 and GRANTS the application.

18   **Background**

19          On June 22, 2012, Plaintiff AF Holdings LLC filed this copyright infringement suit against

20   John Doe. Plaintiff alleges that John Doe illegally reproduced and distributed Plaintiff's

21   copyrighted adult video, "Popular Demand" (the "Work"), thereby violating the Copyright Act, 17

22   U.S.C. §§ 101, et seq.[1]  Plaintiff alleges that it is the "exclusive holder of the relevant rights" with

23   respect to the Work. Compl. ¶ 2. Plaintiff further alleges that it has good cause to believe that John

24   Doe resides in or committed copyright infringement in the State of California" and "resides in this

25

26          [1] Plaintiff has recently brought at least four other complaints against individual "John Does"
     relating to the Work, and all four cases have allowed expedited discovery to be served on an ISP to
27   determine the Doe defendant's identity. See AF Holdings LLC v. John Doe, IP Address 71.195.119.40,
     2012 WL 1657828 (E.D.Cal. May 10, 2012) (unpublished); AF Holdings LLC v. Doe, 2012 WL
28   1642048 (E.D.Cal. May 9, 2012) (unpublished); AF Holdings LLC v. Doe, 2012 WL 1610185
     (E.D.Cal. May 8, 2012) (unpublished); AF Holdings LLC v. Doe, 2012 WL 2571092 (E.D.Cal. July 2,
     2012).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  District, may be found in this District, or a substantial part of the events giving rise to the claims in

2  this action occurred in this District."  Compl. ¶¶ 6-7.

3      According to Plaintiff, John Doe participated in a "peer-to-peer" media distribution system

4  known as the "BitTorrent" file sharing protocol to download the Work and distribute it to third

5  parties.  Compl. ¶ 4, 22-24.  The nature of the BitTorrent protocol has been comprehensively set

6  forth in other decisions in this District, and is incorporated herein by reference.  See, e.g., Diabolic

7  Video Prods. v. Does 1-2099, 2011 WL 3100404, *2-3 (N.D. Cal. May 31, 2011); see also Compl.

8  ¶¶ 8-17.  Plaintiff alleges that it does not know John Doe's actual name at this time.  Compl. ¶ 4.

9  However, through use of investigators, Plaintiff has identified evidence of John Doe's alleged

10  infringing activities, as well as identifying information about John Doe.  Plaintiff represents that it

11  has identified John Doe by a unique internet protocol ("IP") address, "24.23.170.145," which

12  corresponds with Plaintiff's observation of John Doe's alleged infringing activities on May 5, 2012,

13  at 3:54 a.m.  See id. ¶¶ 4, 22–23; see also Hansmeier Decl. ¶ 27.  Plaintiff's investigator declares

14  that at some point after observing the alleged infringing activity, he "physically downloaded the

15  [distributed] file and compared it to an actual copy of the Video to confirm that the file was a

16  substantially-similar reproduction of the copyrighted Video."  Hansmeier Decl. ¶ 25.  Additionally,

17  Plaintiff determined that Comcast is the Internet Service Provider ("ISP") that provided the above-

18  referenced IP address to John Doe.  Id. ¶¶ 24, 28.

19      On June 30, 2012, Plaintiff filed this Ex Parte Application for Leave to Take Expedited

20  Discovery and the discovery request was referred to this Court for resolution.  Plaintiff seeks an

21  order permitting it to serve subpoenas under Federal Rule of Civil Procedure 45 to compel ISP

22  Comcast Communications LLC "and any other entity identified as a provider of Internet services to

23  John Doe in response to a subpoena or as a result of ongoing BitTorrent activity monitoring" to

24  produce personal identifying information for the IP address linked to John Doe as described in the

25  complaint.  Dkt. # 8-3 (Proposed Order).[2]

26  _____

27      [2] Plaintiff asserts that some ISPs lease or otherwise allocate excess IP addresses to unrelated
   ISPs, and that the lack of a direct relationship between the "lessor ISP" and the end-user deprives the
28  lessor ISP of the ability to identify alleged infringers like John Doe through user logs.  App. at 2;
   Hansmeier Decl. ¶ 30.  Therefore, Plaintiff also appears to seek leave to serve Rule 45 subpoenas on

United States District Court
For the Northern District of California

**Discussion**

Generally, a party may not initiate discovery before the parties have met and conferred

pursuant to Federal Rule of Civil Procedure 26(f).  However, a court may authorize earlier discovery

"for the convenience of parties and witnesses and in the interests of justice."  Fed. R. Civ. P. 26(d).

> [W]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] ... the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  Leave to take limited discovery will be

granted in those rare circumstances where certain safeguards are met that "will ensure that this

unusual procedure will only be employed in cases where the plaintiff has in good faith exhausted

traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method

to harass or intimidate."  Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578 (N.D. Cal.

1999).  For leave to conduct discovery to identify a Doe defendant, the moving party must: (1)

identify the defendant with enough specificity to allow the Court to determine whether the defendant

is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the

defendant; (3) show that its action could survive a motion to dismiss; and (4) file a request for

discovery with the Court identifying the persons or entities on whom discovery process might be

served and for which there is a reasonable likelihood that the discovery process will lead to

identifying information.  Id. at 578–80.[3]

Here, Plaintiff has identified John Doe by a unique internet protocol address and explained that

---

"lessee" ISPs to the extent that Comcast is a lessor ISP that cannot identify John Doe from its user logs and records.

[3] Instead of addressing these factors, Plaintiff's application is organized around a "good cause" standard for expedited discovery.  See Semitool, Inc. v. Tokyo Electron Am., 208 F.R.D. 273 (N.D. Cal. 2002) (refusing to apply a more stringent preliminary injunction-like standard to a request for expedited discovery in a patent dispute).  Many similar cases litigated by Plaintiff and its attorney in California have cited Semitool and granted Plaintiff's request for expedited discovery under a good cause standard. See, e.g., AF Holdings LLC v. Doe, 2012 WL 1901334 (E.D.Cal. May 24, 2012); AF Holdings LLC v. Doe, 2012 WL 1610185 (E.D.Cal. May 8, 2012); First Time Videos, LLC v. Doe, 2012 WL 1355725 (E.D.Cal. Apr.18, 2012); Smash Pictures v. Does 1–265, 2012 WL 761936 (E.D.Cal. Mar.7, 2012); UMG Recordings, Inc. v. Doe, 2008 WL 4104207 (N.D.Cal. Sept.4, 2008); Arista Records LLC v. Does 1–43, 2007 WL 4538697 (S.D.Cal. Dec. 20, 2007).  The Court believes that the standard set forth in seescandy.com is the appropriate standard for this request, but notes that in this case early discovery is warranted regardless of which standard is applied.

3

United States District Court
For the Northern District of California

1   the internet protocol address is associated with a particular individual whose identity is presently

2   unknown despite diligent efforts to identify the individual, but may be discovered through the

3   requested subpoenas.  Plaintiff's complaint adequately pleads claims for infringement, contributory

4   infringement, and negligence sufficient to survive a motion to dismiss.  Plaintiff's application for

5   early discovery and the accompanying declarations explain that discovery will be specifically

6   directed to Comcast, John Doe's ISP (and potentially its lessee providers), because it is the entity

7   likely to have the required identifying information.  Additionally, Plaintiff cannot serve the

8   complaint on the proper defendant or conduct an initial Rule 26(f) conference without identifying

9   information.  Finally there will be little prejudice to John Doe from Plaintiff's request for basic

10  subscriber information, whereas Plaintiff may be prejudiced because some ISPs store identifying

11  information for a relatively short period of time so the identifying information sought is in danger of

12  being destroyed.  Hansmeier Decl. ¶ 29, Ex.  For all of these reasons, Plaintiff's application for leave

13  to conduct early discovery is granted.

14      In connection with its application, Plaintiff has included a Proposed Order.  The Proposed

15  Order appears to be acceptable with two exceptions.  The Proposed Order would allow discovery

16  "from Internet Service Provider (ISP) identified in Plaintiff's Ex Parte Application for Leave to

17  Take Expedited Discovery and any other entity identified as a provider of Internet services to John

18  Doe in response to a subpoena or as a result of ongoing BitTorrent activity monitoring."  This

19  language is vague as to the entities to be subpoenaed.  In the very recent case of AF Holdings LLC

20  v. Doe, 2012 WL 2571092 (E.D.Cal. July 2, 2012) which appears to have been based on an almost

21  identical complaint and ex parte request for expedited discovery, the court's order allowing

22  expedited discovery specified that discovery could be served on Comcast or "any 'intermediary' or

23  'lessee' ISP that is identified as a direct result of the subpoena served on Comcast Cable

24  Communications LLC as providing John Doe with Internet services at [the specified] IP address."

25  This language is more appropriate than what was proposed by Plaintiff.

26      Additionally, Plaintiff's Proposed order would require production of a "Media Access Control

27  address" but Plaintiff does not explain what that is or why it is needed.  The recent decision cited

28  above only required production of John Doe's name, address, phone number and email address and

did not mention disclosure of a Media Access Control address.  See AF Holdings LLC v. Doe, 2012 WL 2571092 (E.D.Cal. July 2, 2012).  Another recent case has expressly denied Plaintiff's request for production of a Media Access Control address because Plaintiff did not explain the relevance of this information or how it would aid Plaintiff in identifying the Doe defendant.  AF Holdings LLC v. Doe, 2012 WL 1901334 (E.D.Cal. May 24, 2012).  It would be similarly inappropriate to allow disclosure of a Media Access Control address in this case based on the showing Plaintiff has made in its application.

For the foregoing reasons, the Court Orders as follows:

1.    Plaintiff's ex parte application to conduct expedited discovery is granted.

2. Plaintiff may immediately serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Comcast Cable Communications LLC to identify the actual name and contact information for the John Doe defendant who is associated with IP address 24.23.170.145, and may also serve such subpoenas on any "intermediary" or "lessee" ISP that is identified as a direct result of the subpoena served on Comcast Cable Communications LLC as providing defendant John Doe with Internet services at IP address 24.23.170.145. Such subpoenas shall be limited in scope and may only seek the following information about defendant John Doe: name, address, telephone number, and e-mail address.  A copy of this order shall be attached to any such subpoena.

3. Comcast Cable Communications LLC, and any other ISP subpoenaed pursuant to this order, shall in turn serve a copy of the subpoena and a copy of this order on the subscriber, defendant John Doe, within 14 days from the date of service of the subpoena on the ISP.  An ISP may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

4. Any ISP served with a subpoena pursuant to this order shall confer with Plaintiff before assessing any charge in advance of providing the information requested in the subpoena.  If the ISP that receives a subpoena elects to charge for the costs of production, it shall provide a billing summary and cost report to serve as a basis for such billing summary and any costs claimed by the ISP.

5. Nothing in this order precludes any of the ISPs or defendant John Doe from challenging the

United States District Court
For the Northern District of California

subpoenas consistent with the Federal Rules of Civil Procedure, the Court's Local Rules, or other applicable laws. However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than 30 days from the date of service of the subpoena on the ISP. If that 30-day period lapses without John Doe or the ISP contesting the subpoena, the ISP shall have 10 days to produce to Plaintiff the information responsive to the subpoena.

6. If an ISP or the subscriber files a motion to quash or a motion for a protective order, the ISP shall preserve the information sought by the subpoena pending resolution of such a motion.

7. Any information disclosed to Plaintiff by any ISP may only be used by Plaintiff for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101 et seq., and other rights stated in the complaint.

IT IS SO ORDERED.

Dated: July 11, 2012

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

United States District Court
For the Northern District of California